## IN RE ESTATE OF NANCY BRUSHA.

FILED JUNE 10, 1910. No 16,021.

1. **Executors and Administrators: APPOINTMENT: NOTICE.** When the probate court orders service of notice of application for appointment of an administrator for an intestate estate by publication, the order being somewhat ambiguous in its language, and afterwards a publication is made such as the court might have ordered under the provisions of the statute and such as the order of the court might be reasonably construed to authorize, and the court approves and acts upon such service and appoints an administrator, the refusal of the court to set aside such appointment for want of legal notice thereof will be sustained.

2. ———: **CLAIMS: ALLOWANCE: LIMITATIONS.** It is erroneous for the probate court to allow against the estate of a deceased person a claim that is on its face barred by the statute of limitations.

3. ———: ———: **SETTING ASIDE ALLOWANCE.** When the probate court allows a claim against a decedent's estate, with the consent of the administrator, and at the same term a party interested as heir of the estate, who has not consented to such allowance, shows to the court by petition that a substantial part of the claim so allowed appears upon the face of the claim to be barred by the statute of limitations and asks that the allowance be set aside, such petition should be granted.

APPEAL from the district court for Otoe county: HARVEY D. TRAVIS, JUDGE. *Judgment of district court reversed and judgment of county court affirmed as modified.*

*John C. Watson,* for appellant.

*L. F. Jackson* and *E. F. Warren, contra.*

SEDGWICK, J.

Nancy Brusha died at her residence in Otoe county in April, 1907. A son survived her, and also a brother and two sisters. Afterwards her brother, George W. Hawke, filed in the county court of Otoe county a petition for the appointment of an administrator of the estate of the deceased. In that petition he alleged that the son of the deceased, William Brusha, was about 40 years of age, and that his postoffice address is unknown "and has been unknown to your petitioner or any relative of said Nancy Brusha for 18 years or more." Upon this petition Robert Payne was appointed administrator, and afterwards the said George W. Hawke filed his claim against the deceased with the county court of said county, which was allowed by the court, and the said William Brusha afterwards filed his petition in the county court to set aside the appointment of the said administrator and the allowance of all claims that had been allowed against the estate, and especially the claim of the said George W. Hawke. The administrator and the said George W. Hawke filed separate demurrers to the said petition, which were sustained, and the petition was dismissed. William Brusha thereupon appealed to the district court, and upon hearing in that court the judgment of the county court was affirmed, and the petitioner has appealed to this court. While the proceedings have been pending in this court the claimant has died, and the proceedings have been revived in the name of his administrator.

1. The first contention is that the order appointing the administrator is void for want of sufficient notice. The statute provides: "When application shall be made to the judge of probate for the appointment of an administrator of an intestate estate, or for letters of administration with the will annexed, he shall cause the notice of the same, and of the time and place of the hearing thereof, to be given by personal service on all persons interested, or by publication, under an order of such court, in such newspaper printed in this state as he may direct." Ann. St. 1909, sec. 5060. This statute leaves the matter to the probate court to determine what publication shall be made in case personal service is not had upon the parties interested. Pursuant to this statute the court ordered "that notice of these proceedings be given by publishing a copy of this order in the Nebraska City News, a newspaper printed in said county once a week, three successive weeks prior to said day of hearing." It appears from the proof of publication that the Nebraska City News is a daily paper, and that this notice was published daily therein, except Sundays, commencing on the 24th day of April and ending on the 8th day of May, so that the first publication was two weeks before the day of hearing. The notice was not published for three full weeks, but it was published more than once in each one of three several weeks. The language of the order in this respect is perhaps somewhat indefinite, and whether this publication is to be regarded as a compliance with the order depends upon the construction to be given to the order. Under the statute above quoted it was of course competent for the court to order the publication as it was in fact made, and, as the court has so construed the order by approving and acting upon the publication, we are of opinion that the publication was sufficient. The order appointing the administrator upon this notice should not be vacated.

2. The second contention of the petitioner is more serious. It appears that pursuant to the statute the county court made an order in regard to the hearing of claims

against the estate as follows: "All creditors of said deceased will meet the administrator of said estate, before me, county judge, in said court, at Nebraska City, in said county and state, on July 9th, 1907, September 9th, 1907, and November 9th, 1907, at 2 o'clock P. M., each day for the purpose of presenting their claims for examination, adjustment and allowance. Creditors have until November 9th, 1907, but no longer, in which to file their claims in this court against said estate." There were numerous claims filed and allowed against the estate, and among them, as before stated, a claim of the brother, George W. Hawke. The amount of the claim as filed was $1,529.09. A part of the claim was barred by the statute of limitations, as appeared upon the face of the claim. The total amount of the claim not so barred by the statute of limitations was $1,108.64, and the claim was allowed at $1,-217.59, so that upon the face of the record itself it appeared that more than $100 had been allowed that was barred by the statute of limitations. In section 221 of the decedent act (Comp. St. 1909, ch. 23), it is provided: "No claim barred by the statute of limitations shall be allowed by the commissioners in favor of or against the estate as a set-off or otherwise." Section 610 of the code makes sections 602 to 611, inclusive, applicable to probate courts, and section 610 contains the following language: "In estimating time, the probate court shall, for this purpose, be considered as holding, in each year, three terms of four months each, the first commencing on the first day of January of each year." The order allowing the claim complained of was made on the 9th day of September, 1907, and the petition to vacate that order was filed during the same term of the probate court, to wit, on the 8th day of November, 1907, and, as already noticed, the time limited by the court for adjusting claims against the estate had not yet expired. The petition alleges that the petitioner was then and had for several years been a resident in California, and that he was not aware of the death of his mother, or the proceedings

20

that were being taken in regard to her estate. The probate court, of course, had complete control of its proceedings during the term in which they were entered, and under the circumstances above cited we think that the showing of diligence on the part of the petitioner was sufficient, and that the county court's attention being called at the same term to the fact that with the consent, as this record shows, of the administrator a claim had been allowed, a substantial part of which was barred by the statute of limitations, the order should have been set aside, and a rehearing had upon the claim.

For these reasons, the judgment of the district court is reversed, and the judgment of the county court modified so as to set aside the order allowing the claim of George W. Hawke. In all other respects the judgment of the county court is affirmed. All costs are taxed against the estate of George W. Hawke.

JUDGMENT ACCORDINGLY.