[Civ. No. 21848.   Second Dist., Div. One.   Oct. 8, 1956.]

Estate of JACK H. GREEN, Deceased. GLADYS H. GREEN et al., Appellants, v. ANNETTA GREEN WHITING, as Administratrix, etc., Respondent.

Thomas A. Reynolds for Appellants.

Ernest R. Mortenson for Respondent.

DORAN, J.—The record discloses substantial evidence to the effect that on May 11, 1950, the decedent, Jack H. Green, acquired by grant deed certain vacant property in Arcadia, California, from a brother and sister-in-law, William and Letha Green. The purchase price was $2,500, instalment payments thereon being made by Martha and Stanley DeGroof, and not by decedent. At the time of decedent's death on December 3, 1954, there remained an unpaid balance of $1,289.60.

Construction loans were secured by the decedent and later paid off by the proceeds of a California Department of Veterans purchase contract, instalment payments thereon being made by Martha and Stanley DeGroof, which payments included principal, interest, taxes, and the premium on a policy of life insurance on decedent's life. At the decedent's death a balance of $6,937.60 was paid off in full by the life insurance, and on June 10, 1955, the Department of Veterans Affairs conveyed the property to "The Heirs or Devisees of Jack H. Green, Deceased."

It appears that the decedent had executed a purported "Last Will and Testament" which, however, was invalid, having been notarized instead of being attested by witnesses. In this document, introduced in evidence, the decedent states that "The house and lot known as 1600 So. 6th Ave., Arcadia, Calif, although in my name is in fact the property of Constant and Martha DeGroof (who has been my constant companions for a number of years because all monies invested in construction, repair, upkeep, insurance, etc. have been paid by the DeGroofs with not one cent invested by me. The time I have invested in this project was and is a gift to them as a token repayment of care and kind consideration of me by them. Household furnitures are also included on above."

An action was filed by the DeGroofs to enforce in the alternative a resulting or an express trust in the property. The time for the administratrix, decedent's daughter Annetta Green Whiting, to answer or otherwise plead to this action was extended by stipulation in view of pending negotiations for compromise; no pleading was ever filed by the administratrix and a compromise agreement eventually was executed.

Appellants, Gladys L. Green, a creditor, and Ernest Green, an heir at law, appeared as objectors at the hearing for approval of the compromise. The matter was thereafter taken under submission, written points and authorities were filed, and the compromise ultimately approved.

In approving the compromise, the trial court found that the value of the property in question was between $12,500 and $15,000; that the DeGroofs had "made payments on the purchase of said property believing that they were the owners of said property," and that Jack L. Green, deceased, "intended to hold title to the real property for the benefit of Stanley and Martha DeGroof." The court further found that "It is to the advantage and benefit of the estate and the parties interested in the estate that the suit (by the DeGroofs) against the Administratrix be compromised and settled," and that the proposed compromise "provides for a fair and reasonable settlement for said litigation."

The compromise thus approved, and which is objected to by appellants, provides that the DeGroofs shall pay to the Estate of Jack H. Green, the sum of $300, and that the administratrix shall convey the property by grant deed to the DeGroofs. It is further provided that the DeGroofs shall hold the estate "harmless from any and all liability to William and Letha Green or for their account which . . . may have arisen by reason of the purchase of said property and . . . shall be required by secure . . . a full and complete release by said parties of any and all claims that said parties have filed against the estate." The DeGroofs "further release their Creditor's Claim heretofore filed against the estate."

It is appellants' contention that before a compromise is approved, it must appear that it is "of advantage and benefit to the Estate and those interested therein, that the administratrix in proposing it is exercising good sound business judgment and is not actuated by sentiment." More specifically, appellants argue that the consideration received "should be adequate and when it appears that the Estate is to receive $300.00 for clear property having a value of from $12,500.00 to $15,000.00, the inadequacy of such consideration in and of itself is sufficient to reverse the order approving such a compromise."

Appellants further affirm that "The power to compromise does not include the power to make presents"; that in the present case, "under the guise of compromise," the ad-

ministratrix is merely seeking to carry out the provisions of "decedent's abortive will." In this connection it is said that the administratrix did not sufficiently investigate or "impartially appraise the DeGroof's litigation"; that the court "did not evaluate" such litigation, and that "it is apparent that said action could be successfully defended."

In view of the state of the record, the appellants' contentions must be deemed untenable. ▉ As stated in *Estate of Vedder*, 121 Cal.App.2d 402, 406 [263 P.2d 58], the approval of a compromise "is within the discretionary power of the administrator and of the probate court, and upon appeal the judgment will not be disturbed unless an abuse of discretion is clearly shown." In the instant case, no such abuse of discretion has been shown. On the contrary, the record affords substantial evidence in support of the trial court's action.

▉ The situation is not, as appellants contend, a mere matter of giving away estate property valued at from $12,500 to $15,000 for the small sum of $300, which would, indeed, shock the conscience. If, as the proof indicates, the property in question was paid for by the DeGroofs, and because of such payment was considered by the decedent to be "in fact the property of Constant and Martha DeGroof," it was not in equity and good conscience a proper asset of the decedent's estate but, as the trial court found, a situation where the decedent "intended to hold title to the real property for the benefit of" the DeGroofs. As pointed out in the respondent's brief, in the case of a resulting trust or an express trust, defense to the DeGroofs' action would be difficult if not impossible.

The trial court had before it and considered both oral and documentary evidence; a fair and full hearing was had, and it cannot be said that the order approving the compromise was unreasonable or arbitrarily entered.

The order is affirmed.

White, P. J., and Fourt, J., concurred.