WENTWORTH, Judge.
Appellant seeks review of an order denying the parties’ joint motion to authorize a compromise and settlement of estate claims; we affirm the order appealed.
Section 733.708, Florida Statutes, is the applicable statute relating to compromise of estate claims, and provides that:
... [T]he court may enter an order authorizing the compromise if satisfied the compromise will be for the best interest of the beneficiaries. The order shall relieve the personal representative of liability or responsibility for the compromise. ...
The personal representative may thus avoid liability for a compromise by obtaining the statutory order of authorization. The failure to secure such an order does not preclude a compromise however, the personal representative remains subject to the possibility of liability. See Evans v. Tucker, 101 Fla. 688, 135 So. 305 (1931). The statute vests the trial court with discretion, and we conclude that in the circumstances of the present ease the court did not abuse its discretion in refusing to authorize the proposed compromise and settlement. We also note that while the judge orally advised the parties regarding his view of the course of action which they should take, this advice was not incorporated into the order and is not properly a matter for appellate review.
The order appealed is affirmed.
SHIVERS, J., and LILES, WOODIE A. (Ret.), Associate Judge, concur.