**In re the ESTATE OF Sydney M. DAHLE, a/k/a Sidney M. Dahle, deceased.**

**No. C9–85–1649.**

Court of Appeals of Minnesota.

April 8, 1986.

Ruth M. Harvey, Michael C. Karp, Blethen, Gage & Krause, Mankato, for appellants.

Einer C. Iverson, Waseca, for respondent Armin Dahle.

Gregory Carlson, Faribault, for respondent Esther Lindahl.

Considered and decided by RANDALL, P.J., and PARKER and FOLEY, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

This appeal is from denial of a motion for rehearing and order cancelling a notice of lis pendens. Appellants Shirley Dahle and Mahlon Dahle are children of the decedent, Sidney Dahle, and residuary heirs under his will. They contend the trial court erred in approving a compromise reached between Esther Lindahl, the decedent's sister, and Armin Dahle, personal representative of the estate.[1] We disagree and affirm.

## FACTS

Sidney Dahle died testate on February 1, 1984. A petition for formal probate of the will was granted and supervised administration was ordered. Lindahl filed a claim against the estate in May 1984, contending the decedent owed her in excess of $115,-500.

The evidence substantiates Lindahl's claim. She testified by deposition that she had lent various sums of money to her brother between 1959 and 1966. On December 12, 1966, he gave Lindahl a promissory note for $30,000 secured by a mortgage. The mortgage was duly recorded and covers land sold by the decedent in 1975. The note and mortgage was intend-

---

1. Lindahl and Armin Dahle are the respondents here.

ed to cover all of the monies Lindahl had given her brother up to that point. The note and the mortgage provided principal payments of $100 a year beginning on December 12, 1967, "with interest payments due on each principal payment date" at five percent. Lindahl received no payments.

Lindahl testified that she lent her brother an additional $60,000 between 1967 and 1981. She presented cancelled checks and a ledger underlining in red all payments she had made on her brother's behalf. She claimed she would borrow money in her name and either give him the proceeds or use the money to pay his debts. She testified that the money was not a gift and that she intended to be repaid. She never demanded any money or otherwise attempted to collect. In 1983 she asked the decedent for some money after he had sold the land covered by the mortgage on the contracts for deed. He informed her the money was "all used up" and that "[h]e could never pay [her] anything."

Lindahl's claim against the estate was based upon this $30,000 promissory note, $25,000 in interest on the note, and $60,000 in loans made since 1967. Her claim was initially disallowed by the estate, but a settlement was subsequently reached between Lindahl and the personal representative of the estate. The settlement provided that in exchange for release of her claim, the personal representative would convey to Lindahl a 131.5-acre parcel of land which was an asset of the estate. The estate would continue to be responsible for a $9,000 mortgage and would pay real estate taxes accruing through 1985. Lindahl was to obtain possession in the fall of 1985.

The settlement was approved by the trial court and judgment was entered. Appellants, as residuary heirs under the will, attempted to object to approval of the settlement, contending Lindahl's claim was barred by the statute of limitations. They brought a "motion for rehearing to amend the findings of fact, conclusions of law and order approving stipulated settlement, to disallow settlement of claim and for injunction" and filed a notice of lis pendens on the property that had been conveyed to Lindahl pursuant to the terms of the settlement. The trial court denied appellants' motion "in all respects" and cancelled the notice of lis pendens. On appeal, appellants argue they had a right to be heard and object to the settlement entered between Lindahl and the personal representative and contend the personal representative exceeded his authority in entering the settlement because Lindahl's claims are barred by the statute of limitations.

## ISSUES

1. Was it necessary to obtain appellants' consent before compromise of a claim against the estate?

2. Did the trial court abuse its discretion in approving the compromise reached by the personal representative?

## DISCUSSION

### I

■ A personal representative has the power to compromise claims against the estate. Minn.Stat. § 524.3–813 (1984) provides:

> When a claim against the estate has been presented in any manner, the personal representative may, if it appears for the best interest of the estate, compromise the claim, whether due or not due, absolute or contingent, liquidated or unliquidated.

*Id.* A personal representative thus has the power to compromise disputed or doubtful claims against the estate if such a compromise is in the estate's interest. The consent of the heirs or other interested parties need not be obtained before effecting a compromise. *See Foot v. Great Northern Railway Co.*, 81 Minn. 493, 84 N.W. 342 (1900) (under wrongful death statute, personal representative has authority to compromise a claim for damages without the assent of the next of kin).

■ Appellants assert that the personal representative exceeded his power in compromising the claim without their consent because the claim was barred by the stat-

ute of limitations. Minn.Stat. § 524.3–802 (1984) provides that a personal representative may "waive any defense of limitations available to the estate" "with the consent of all successors." *Id.* If a probate court allows a claim which on its face is barred by the statute of limitations, it is proper for it to set aside the allowance on the petition of an heir or other interested party. *In Re Brusha's Estate*, 87 Neb. 254, 126 N.W. 1079 (1910).

■ Appellants assert that enforcement of the 1966 promissory note is barred by the six-year statute of limitations. *See* Minn.Stat. § 541.05, subd. 1(1) (1984). However, where a money obligation is payable in installments, the statute of limitations begins to run against each installment when it becomes due. *Honn v. National Computer Systems, Inc.*, 311 N.W.2d 1 (Minn.1981). The statute of limitations therefore bars only Lindahl's claim to those $100 yearly installments which became due more than six years before she filed her claim.

■ Appellants also insist that enforcement of the mortgage is barred by Minn. Stat. § 541.03, subd. 1 (1984), which provides:

No action or proceeding to *foreclose* a real estate mortgage * * * shall be maintained unless commenced within 15 years from the maturity of the whole of the debt secured by the mortgage * * *.

*Id.* (emphasis added). However, Lindahl's claim is not an action to foreclose a mortgage. A mortgage and the note which it secures are separate and independent contracts. *Lundberg v. Northwestern National Bank of Minneapolis*, 299 Minn. 46, 216 N.W.2d 121 (1974). Lindahl had the option of bringing a foreclosure action on the mortgage or bringing suit on the note. Her claim against the estate must be based on the note, particularly as the estate no longer owns the property that was subject to the mortgage.

■ Lindahl's numerous loans to the decedent from 1967–81 are implied contracts; enforcement of those made more than six years prior to claim may also be barred by the six-year statute of limitations. *See* Minn.Stat. § 541.05, subd. 1(1). However, where the contract indicates the debt is payable only upon demand, the statute of limitations does not begin to run until actual demand is made. *Bannitz v. Hardware Mutual Casualty Co., Etc.*, 219 Minn. 235, 17 N.W.2d 372 (1945); *Andrews v. Andrews*, 170 Minn. 175, 212 N.W. 408 (1927). The demand must be made within a reasonable time, ordinarily six years or the period of the statute of limitations. But where the parties contemplate a delay in making the demand to some indefinite time in the future, the statutory period for bringing the action is not controlling. *Id.* The evidence in this case indicates the parties contemplated an indefinite delay. Lindahl lent her brother money continuously over many years and apparently never made a demand for repayment until 1983. Her claim based upon the unsecured loans is therefore not barred.

Because the great majority of Lindahl's claim was not barred by the statute of limitations, the personal representative did not exceed his power by effecting a compromise without the heirs' consent.

## II

■ In a supervised administration, such as this, a personal representative must obtain court approval before making any distribution of the estate. Minn.Stat. §§ 524.-3–504, 3–505 (1984). Approval of a compromise effected by a personal administrator is within the discretionary power of the court. Its sanction of the compromise will not be disturbed absent a clear abuse of discretion. *Re Green's Estate*, 145 Cal. App.2d 25, 301 P.2d 889 (1956).

A claim may be compromised if in the estate's best interests. Minn.Stat. § 524.3–813. In approving the compromise, the trial court considered oral and documentary evidence and appellants' objections. The compromise was reasonable; the land conveyed to Lindahl was comparable in value to her claim, and conveyance of the land does not appear to defeat the testator's

intent. Moreover, the overall evidence substantiates Lindahl's claim. It thus cannot be said that the trial court's sanction of the compromise was a clear abuse of discretion.

### DECISION

The personal representative had the power to compromise a claim against the estate without the heirs' consent where the great majority of the claim was not barred by the statute of limitations.

In this supervised administration, the trial court did not abuse its discretion by approving a compromise settlement reached by the personal representative.

Affirmed.