# Third District Court of Appeal

## State of Florida

Opinion filed November 28, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1330
Lower Tribunal No. 02-595
_____

**Brenda Nestor, etc.,**
Appellant,

vs.

**The Estate of Victor Posner,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Celeste Hardee Muir, Judge.

Crabtree & Auslander, and John G. Crabtree, Charles M. Auslander and Brian C. Tackenberg, for appellant.

Akerman LLP, and Brett Marks, Dale Noll and Richard C. Milstein, for appellee.

Before ROTHENBERG, C.J., and EMAS and LUCK, JJ.

PER CURIAM.

Brenda Nestor appeals an order granting a joint motion to approve a settlement agreement between the Estate of Victor Posner and the Pension Benefit Guaranty Corporation ("PBGC"), pursuant to section 733.708, Florida Statutes (2016). We hold that the trial court did not abuse its discretion in approving the settlement agreement, and affirm.

Following Mr. Posner's death in 2002, Nestor, the sole residuary beneficiary of his estate, was appointed personal representative of the Estate by the trial court. Posner had owned several companies, and sponsored a single-employer defined benefit pension plan covered by Title IV of ERISA.[1]

In 2011, due to a lack of activity moving the Estate toward a final resolution, the trial court ordered Nestor to "propose a plan for ascertaining and paying the federal and state estate tax obligations," or show cause why the court should not appoint an attorney ad litem to assist in closing the probate of the Estate. In May 2012, apparently unsatisfied with Nestor's response to the show cause order, the trial court appointed Michael Axman "to serve as attorney/administrator ad litem,

---

[1] Employment Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461. "PBGC is the United States government agency that insures pensions in accordance with title IV of ERISA. If a plan sponsor is unable to support its defined benefit pension plan, PBGC becomes the statutory trustee of the plan and pays guaranteed pension benefits according to the plan provisions, subject to legal limits set by Congress under ERISA." PBGC Case No. 206371, 2018 WL 3104865 (April 30, 2018). See also 29 U.S.C. §1302. Following Posner's death, the Estate became the contributing sponsor of the pension plan and his various companies ("VP Entities") were all members of the plan's "controlled group," jointly and severally liable for certain pension related obligations.

and representative of the creditors and beneficiaries of the estate, and special fiduciary."

During Axman's tenure, it came to light that no contributions had been paid to the ERISA pension plan since 2010, and in July 2013, PBGC filed notices of federal liens against the Estate and the VP Entities. Nestor attempted at that time to settle the pension obligations with PBGC, but she was unsuccessful.[2]

On July 24, 2013, Axman filed his initial report, detailing these and other pertinent matters, and reported that as of the report date, the Estate (and the VP Entities) faced a liability of more than $38 million as a result of the failure to pay pension plan contributions.

In April 2015, Nestor was removed as the Estate's personal representative based on, inter alia, her failure to comply with court orders requiring an accounting, and the trial court appointed a curator.[3] Six months later, in October 2015, the Estate and PBGC executed a settlement agreement providing terms for terminating the pension plan and paying the obligations owed to PBGC. The Estate and PBGC filed a joint motion to approve the settlement agreement, and the lone objector was Nestor, who argued that the settlement agreement was not in the

[2] PBGC is authorized to settle claims with those who become liable for a failure to make required contributions under ERISA plans. 29 U.S.C. §1367.

[3] Nestor appealed her removal as personal representative, and we affirmed the trial court's order on April 6, 2016. Nestor v. Estate of Victor Posner, 191 So. 3d 472 (Fla. 3d DCA 2016).

best interest of the interested persons.[4]   In April 2016, the trial court held an evidentiary hearing on the joint motion to approve the settlement agreement.   The evidence presented at that hearing established, inter alia:

●At the time the settlement agreement was executed, the Estate and the VP Entities owed $46.7 million as a result of the unpaid pension plan contributions;

●Under the terms of the settlement, the maximum allowed claim against the Estate and VP Entities would be $32.25 million, consisting of:

• A first-priority claim of $28 million against the sale of certain real estate assets of the Estate and the VP entities;

• An unsecured claim for any balance after the sale of those real estate assets, to be paid after professionals and IRS obligations are paid and distributed pro rata with other unsecured claims.

●The agreement reduced the liability of the Estate and the VP Entities by 31% (from $46.7 million to $32.25 million); and

●PBGC would not initiate or complete foreclosure actions against the estate assets while the agreement was in effect.[5]

---

[4] Section 733.708, Florida Statutes (2015) provides in pertinent part:

> When a proposal is made to compromise any claim, whether in suit or not, by or against the estate of a decedent or to compromise any question concerning the distribution of a decedent's estate, *the court may enter an order authorizing the compromise if satisfied that the compromise will be for the best interest of the interested persons.* The order shall relieve the personal representative of liability or responsibility for the compromise (emphasis added).

4

After considering the evidence presented, including testimony from Nestor, the trial court approved the settlement. On appeal, Nestor contends that the trial court erred in approving the settlement without competent substantial evidence, and erred in concluding the settlement was in the best interests of the interested persons.

Upon our review of the record, we hold that the trial court's determinations are supported by competent substantial evidence and the trial court did not abuse its discretion in granting the joint motion and approving the settlement. See In re Paine's Estate, 174 So. 430, 437 (Fla. 1937) (confirming that the trial court may approve a settlement "if it is fair, beneficial to the estate, and free from fraud, negligence or misconduct"); Buettner v. Estate of Buettner, 993 So. 2d 640 (Fla. 4th DCA 2008); Security Ins. Co. v. Estate of Stillson, 397 So. 2d 1206 (Fla. 1st DCA 1981). See also In re Estate of Dickson, 559 A.2d 331, 334 (D.C. 1989) (adopting the abuse of discretion standard of review established in Stillson, and further observing: "In deciding whether to grant the petition to settle, the trial court must determine that the settlement is in the best interest of the estate, and that the personal representative has fulfilled his or her fiduciary duty to act as a 'prudent person.' In making these determinations, the court should consider, among other

---

[5] Litigation against several VP Entities had already been commenced and was pending at the time of the settlement.

factors, the validity of the claim, the personal representative's investigation of the claim, and the defenses to the claim, and the reasonableness of the compromise"))
(citations omitted).[6]

Affirmed.


**ANY POST-OPINION MOTION MUST BE FILED WITHIN SEVEN DAYS. A RESPONSE TO THE POST-OPINION MOTION MAY BE FILED WITHIN FIVE DAYS THEREAFTER.**

---

[6] We affirm without further discussion the remaining issues raised by Nestor in this appeal.