Filed 9/19/23 Estate of Singh CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| Estate of SUKHJINDER SINGH, Deceased. | 2d Civil No. B326970 (Super. Ct. No. 19PR-0348) (San Luis Obispo County) |
| MARISOL CUEVA, <br><br> Contestant and Respondent, <br><br> v. <br><br> IKE M. IQBAL, as Executor, etc., <br><br> Claimant and Respondent; <br><br> NIKI HAMIDI, <br><br> Objector and Appellant. | |

Niki Hamidi appeals from an order approving the settlement of Marisol Cueva's paternity claim against the estate of Sukhjinder Singh. Hamidi contends the order should be

vacated because: (1) the probate court lacked jurisdiction to enter it, and (2) Cueva's claim was fraudulent.[1] We affirm.

FACTUAL AND PROCEDURAL HISTORY[2]

Singh died in September 2016. Cueva filed a petition to administer his estate three years later. In her petition, Cueva claimed she is the mother of Singh's son.

Hamidi objected to Cueva's petition and filed a creditor's claim against it. She then announced her intent to move the claim to criminal or civil court, but later requested its dismissal. The trial court granted Hamidi's dismissal request.

Cueva petitioned the trial court to determine whether Singh is her son's father. (See Prob. Code,[3] § 6453.) Hamidi objected to the petition. Iqbal, the person nominated to be executor of Singh's will, urged the court to deny it because Singh did not acknowledge his alleged parentage.

After the trial court ordered Singh's will probated and issued Iqbal letters of administration, Iqbal and Cueva settled

---

[1] Hamidi also claims the orders admitting Singh's will to probate and appointing Ike M. Iqbal as executor of Singh's estate were unlawful. We upheld those orders in a previous opinion (see *Estate of Singh* (Aug. 17, 2023, B325245) [2023 WL 5282691] [nonpub. opn.]), and do not revisit the matters here (see *Leider v. Lewis* (2017) 2 Cal.5th 1121, 1127). Additionally, for the first time in her reply brief, Hamidi asks us to impose $250,000 in sanctions against Iqbal's attorney. We deny this request without further discussion. (*Moore v. Shaw* (2004) 116 Cal.App.4th 182, 200, fn. 10.)

[2] Hamidi's motion to correct the citations to the record in her briefs on appeal, filed August 28, 2023, is granted.

[3] Unlabeled statutory references are to the Probate Code.

2

Cueva's paternity claim, subject to the probate court's approval. Iqbal petitioned the court to approve the settlement. Attached to his petition was a declaration describing his investigation and evaluation of Cueva's claim and the potential liability to Singh's estate that would be eliminated if the settlement were approved. Cueva confirmed she would dismiss her claim upon approval of the settlement.

A hearing on the settlement petition was set for February 7, 2023. On January 11, notice of the hearing was served on all parties, including Hamidi. Copies of the petition, supporting declarations, and proposed order were served alongside the hearing notice.

Hamidi filed no written opposition to the settlement petition. She did not appear at the hearing on its approval. After the hearing concluded, however, Hamidi objected to the petition. The probate court approved it over Hamidi's tardy objection.

## DISCUSSION

### *The probate court's jurisdiction*

Hamidi contends the probate court lacked jurisdiction to approve the settlement of Cueva's paternity claim against Singh's estate because she transferred the case to civil or criminal court. This contention fails because a party cannot unilaterally transfer a case. (Code Civ. Proc., § 581, subd. (b)(2) [dismissal of action requires consent of other parties]; *Voyce v. Superior Court* (1942) 20 Cal.2d 479, 484 [Code of Civil Procedure's dismissal provisions apply to will contests].)

Moreover, the probate court has jurisdiction over estate administration. (§ 7050.) It has the power to appoint the executor of an estate. (§ 8400.) And it has the power to approve the executor's settlement of a claim against the estate. (§ 9836.)

3

The probate court therefore had jurisdiction to approve the settlement of Cueva's paternity claim.

*Cueva's paternity claim*

Hamidi also contends the probate court should not have approved the settlement of Cueva's paternity claim against Singh's estate because the claim was fraudulent. But Hamidi did not file written objections to the settlement of the claim. Nor did she attend the hearing on its approval to object—despite having sufficient notice. (See §§ 1220, subd. (a)(1), 9837, subd. (c) [requiring 15 calendar days' notice].) Such an objection is required "before the probate court is required to take any action at all." (*Forthmann v. Boyer* (2002) 97 Cal.App.4th 977, 988.) Because Hamidi did not lodge one, her contention is forfeited. (*Conservatorship of Farrant* (2021) 67 Cal.App.5th 370, 377.)

It also lacks merit. A petition to approve a settlement against an estate "shall show the terms of the . . . settlement . . . and its advantage to the estate." (§ 9837, subd. (b).) We review the probate court's approval of such a settlement for abuse of discretion. (*Estate of Green* (1956) 145 Cal.App.2d 25, 28.) When applying this standard of review, we review findings of fact for substantial evidence, and will find reversible error only if the court's "application of the law to the facts is . . . arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711-712.)

Substantial evidence supports the probate court's finding that the settlement of Cueva's claim would be advantageous to Singh's estate. With his petition to approve the settlement Iqbal included a declaration describing his investigation and evaluation of Cueva's claim and the value to Singh's estate if the settlement were approved. And Cueva submitted a declaration

4

stating she would drop her claim against the estate upon the settlement's approval.  That was clearly advantageous to Singh's estate.  (*Estate of Lucas* (1943) 23 Cal.2d 454, 466-467 [settling potentially meritorious claim without litigation advantageous to estate].)

## DISPOSITION

The probate court's order approving the settlement of Marisol Cueva's paternity claim against the estate of Sukhjinder Singh, entered February 22, 2023, is affirmed.  Ike M. Iqbal shall recover his costs on appeal.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:



GILBERT, P. J.



YEGAN, J.



5

Tana L. Coates, Judge

Superior Court County of San Luis Obispo

_____

Niki Hamidi, in pro. per., for Objector and Appellant.

Andre, Morris & Buttery and James C. Buttery for Claimant and Respondent.

No appearance for Contestant and Respondent.