Filed 3/1/24  Bye v. Tran CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| PATRICIA BYE, as Trustee, etc. et al., <br><br> Plaintiffs and Respondents, <br><br> v. <br><br> NHAN TRAN et al., <br><br> Objectors and Appellants. | H050125 <br> (Santa Clara County <br> Super. Ct. No. 16PR180018) |

This appeal arises from a probate proceeding involving the division of the estate of Linden Crawforth.  At issue is the disposition of a residence in San Jose, co-owned by him and Christina Griffith, as tenants in common at the time of his death in 2015.[1]  After Crawforth's former wife, Nhan Tran, was appointed as administrator of his estate in 2017, Griffith filed a petition to enforce the tenancy in common agreement and requested that she be: (1) transferred Crawforth's interest in the residence from the estate; and (2) granted reimbursement from Crawforth's estate for real property expenses, fees, and costs associated with maintenance of the residence.  In 2020, after the conclusion of the evidentiary portion of a three-day hearing on Griffith's petition, the court discovered that Tran was not Crawforth's surviving spouse, as the parties' marriage had been legally

---

[1] For consistency with the parties' briefings and brevity, we refer to the parties by their last names.

dissolved before Crawforth's death. Further, under her dissolution agreement with Crawford, Tran had an unsatisfied obligation to Crawford's estate. As a result, the trial court found that Tran had a conflict of interest and suspended her powers as administrator. The court subsequently appointed Patricia Bye, a professional fiduciary, as administrator of Crawforth's estate. Shortly thereafter in 2020, Bye entered into a settlement agreement with Griffith for the disposition of the residence, which the court approved over the objections of Tran and her adult daughters, Brittany and Jennifer (collectively appellants).

Appellants now appeal the trial court's approval of the settlement agreement, arguing that the court abused its discretion by not holding an evidentiary hearing prior to issuing its approval. For the reasons set forth below, we find no abuse of discretion and affirm the trial court's order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

On July 18, 2014, Crawforth and Griffith entered in a tenancy in common agreement, under which they agreed to each hold a 50 percent interest in their joint residence as tenants in common, subject to all liens and encumbrances. The agreement indicated that in the event of the death of one of the parties, the surviving party would have the right to cause a sale or purchase the interest of the deceased party, with the residence being valued as of the date of death.

On November 18, 2014, Crawforth and Tran reached a final agreement in their dissolution of marriage action in court (Santa Clara County Super. Ct. No. 2009-1-FL-151146). As part of this agreement, Crawforth and Tran agreed that their marital status would be terminated as of December 31, 2014.[2]

---

[2] Although the terms of their agreement was recited on the record in court, Tran later indicated that a written judgment memorializing these terms was never finalized.

2

On January 1, 2015, Crawforth passed away intestate.

### B. Procedural History

#### 1. Relevant Pleadings

On December 8, 2016, Griffith filed a petition requesting to be appointed as administrator of Crawforth's estate. In her petition, Griffith stated that because the residence was Crawforth's only surviving asset and she had both co-ownership and exclusive possession of the residence, she should be appointed administrative powers to sell the residence and divide the proceeds with Crawforth's daughters.

On April 7, 2017, appellants jointly filed objections to Griffith's petition, arguing that as Crawforth's surviving spouse and daughters, they had priority to administer the estate under Probate Code section 8461.[3] In their objections, they stated that Tran and Crawforth's dissolution action had not been finalized by the time of his death. Tran also filed a competing petition to be appointed as administrator and listed herself as Crawforth's surviving spouse in her petition.

On May 22, 2017, the court appointed Tran as administrator of Crawforth's estate.

On October 12, 2017, Griffith filed a petition to enforce the tenancy in common agreement pursuant to section 850, subdivision (2)(B), and requested that Tran be ordered to enter into a purchase and sales agreement for the residence. Griffith also requested an order that she receive 50 percent of the net proceeds after the close of escrow. Griffith later filed an amended petition to enforce the tenancy in common agreement on April 8, 2019, which sought the same relief as her original petition.

Tran filed objections to both of Griffith's petitions, claiming, among other arguments, that Griffith had no standing to bring her petition because: (1) the tenancy in common agreement, which Tran had no knowledge of, only related to Griffith's and Crawforth's living arrangements; (2) Griffith violated the terms of the agreement by

_____

[3] Undesignated statutory references are to the Probate Code.

3

ousting Crawforth's "heirs" (Tran and her daughters) from access and possession of the property; and (3) Griffith concealed the agreement and did not seek to enforce it until more than two years after Crawforth passed away.

### 2. *Evidentiary Hearing and Suspension of Tran as Administrator*

The trial court conducted a three-day evidentiary hearing on Griffith's petition on November 20, 2019, January 24, 2020, and February 28, 2020. At the end of the third day of trial, the court indicated the parties were now "at the point of argument" and instructed them to submit their closing arguments in writing.

However, towards the conclusion of the third day of trial, Griffith's counsel provided the trial court with a certified transcript from Tran and Crawforth's dissolution proceedings, which indicated that the parties' marital status terminated on December 31, 2014. The transcript also indicated that as part of their dissolution agreement, Tran was to pay Crawforth $300,000.[4] After receiving this evidence, the court determined there was a conflict of interest as Tran "[wa]s on both sides of the issue" and suspended her as administrator of the estate. The court noted it was "completely caught off guard" that the marital status had been terminated in 2014, that Tran had not acknowledged this previously during the hearing, and that the court discovered this information through someone other than Tran.

As a result of suspending her role as administrator, the court indicated it was not sure if Tran was the correct person to prepare a closing argument. However, the court also noted that it was not inclined to "unroll everything and start over," and that there may have been enough evidence presented for the court to rule on Griffith's petition without needing further argument.

---

[4] Tran further testified that she had not paid this money to Crawforth or his estate.

4

### 3. *Appointment of Bye and Settlement Agreement*

On June 16, 2020, Crawforth's daughter Brittany filed a petition to be appointed as administrator of Crawforth's estate.

On August 3, 2020, Bye, who was nominated by Griffith, filed a separate petition to be appointed administrator. Bye also objected to Brittany's petition on the basis that Brittany could not be an impartial administrator of the estate. Specifically, Bye argued that Brittany would not be able to fairly and impartially handle the following matters: (1) enforcing the agreement that Tran (her mother) pay $300,000 to Crawforth's estate; and (2) addressing the tenancy in common agreement, as it would require her to deal with Griffith.

On August 17, 2020, the court appointed Bye as administrator of Crawforth's estate.

On November 19, 2020, Bye filed a petition requesting the court's approval of a settlement agreement that she had reached with Griffith regarding the disposition of the residence. Pursuant to this agreement, Bye agreed to transfer the estate's 50 percent interest in the residence to Griffith, in exchange for Griffith waiving and foregoing any claims she had against Crawforth's estate. Bye and Griffith also agreed to a mutual general release of all known and unknown claims. In her petition, Bye indicated she believed this agreement was in the best interest of Crawforth's estate because the estate had no liquid funds available to prosecute or defend against multiple claims, and with the disposition of the residence, she would be able to waive any claims the estate may have against Tran (which had been requested by the heirs). Bye further noted that the agreement would allow her to finally close the estate six years after Crawforth's passing.

On May 17, 2021, Brittany and Jennifer filed objections to Bye's petition for approval, arguing that the proposed agreement did not benefit the estate and was contrary to their express wishes as the only beneficiaries. They claimed the estate would be "walking away" from substantial funds it could potentially receive in consideration from

5

the transfer of the residence and in reimbursement claims. They also contended the estate could not be closed upon disposition of the residence as the estate still had outstanding claims to the IRS that had not yet been adjudicated.

On March 17, 2022, appellants submitted additional objections to the petition for approval, where they again asserted that the settlement agreement was not beneficial to the estate. Appellants also claimed that the prior evidentiary hearing never concluded as it ended during cross-examination of Tran, and Tran was entitled to re-direct examination and closing arguments. Appellants therefore argued that the court should either deny the petition and allow Tran to conclude her presentation of evidence so that a final judgment could be reached on Griffith's petition, or in the alternative, hold a new evidentiary hearing regarding approval of the settlement.

On March 18, 2022, the trial court held a hearing on the matter, which was not reported. At the conclusion, the court indicated Bye was to file a response by April 1, 2022, at which time the case would be taken under submission.

On April 26, 2022, the trial court issued an order approving the settlement agreement.

Appellants timely appealed.

## II.    DISCUSSION

Appellants argue that the trial court abused its discretion by failing to hold an evidentiary hearing prior to approving the settlement agreement. Specifically, appellants claim that Bye failed to demonstrate in her petition that the agreement was advantageous to the estate, and the trial court was therefore required to hold a hearing after appellants lodged their objections. In response, Bye and Griffith (respondents) claim that there was in fact a three-day evidentiary hearing and the settlement agreement was entered into and properly approved by the court at the conclusion of this hearing.

6

### A. *Applicable Law and Standard of Review*

Under section 9832, authorization by order of the probate court is required for any settlement affecting title to real property, an interest in real property or a lien or encumbrance on real property, or an option to purchase real property or an interest in real property. (§ 9832, subd. (a)(1)-(3).) "Public policy strongly favors settlements in will contests in the interest of the preservation of family ties, the adjustment of equities, and avoiding nonproductive waste of the assets of the estate. [Citations.]" (*Estate of Schuster* (1984) 163 Cal.App.3d 337, 342.)

We review a probate court's order approving a settlement for abuse of discretion.[5] (*Breslin v. Breslin* (2021) 62 Cal.App.5th 801, 806, quoting *Estate of Green* (1956) 145 Cal.App.2d 25, 28.) Under this standard, the trial court's exercise of discretion will not be disturbed unless we find that "under all the evidence, viewed most favorably in support of the trial court's action, no judge could have reasonably reached the challenged result. [Citation.]" (*Conservatorship of Scharles* (1991) 233 Cal.App.3d 1334, 1340.) "A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown." (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

---

[5] Appellants and Bye agree that abuse of discretion is the appropriate standard of review. However, Griffith believes the appropriate standard of review should be substantial evidence on the basis that appellants are challenging the court's factual finding that the settlement agreement was advantageous to Crawforth's estate. We disagree. While appellants argue that the agreement was not advantageous to the estate, they do not appear to be claiming the court erred in making such a finding; instead, they argue that the court erred in not holding an evidentiary hearing where they could present evidence to this effect. Accordingly, we find that abuse of discretion is the appropriate standard of review.

7

### B. Analysis

In making their argument, appellants rely primarily on *Estate of Bennett* (2008) 163 Cal.App.4th 1303 (*Bennett*), where the Fourth District Court of Appeal found that the trial court had erred in not holding an evidentiary hearing on a motion to rescind a settlement agreement from a prior civil action. In so holding, the appellate court ruled that the probate court only relied on affidavits and declarations in making its final ruling, which was not allowed in contested probate hearings when the parties did not agree to proceed on affidavits alone. (*Id.* at p. 1309-1310.)

Appellants are correct that the court must generally hold an evidentiary hearing on a contested petition when requested by one of the parties. (See *Bennett, supra,* 163 Cal.App.4th at pp. 1309-1310; see also *Estate of Lensch* (2009) 177 Cal.App.4th 667, 676-677.) However, in such cases, the underlying factual disputes were solely identified in declarations and affidavits and had never been litigated in a hearing. In contrast, the primary issue addressed in the instant settlement agreement – namely, the disposition of Crawforth's estate's interest in the residence – was the same issue litigated in the three-day evidentiary hearing on Griffith's petition. In fact, appellants appear to acknowledge this themselves in their 2022 objections by asking to complete the hearing on Griffith's petition, which they believed to have been suspended, and presenting their request for a new evidentiary hearing only as an alternative remedy. Moreover, as noted by respondents, much of the evidence cited in appellants' objections was testimony presented at the hearing, including excerpts from the hearing transcripts, and the record does not demonstrate appellants sought to introduce additional or new evidence. Similarly, the facts provided by respondents in their declarations in support of the settlement agreement were based on testimony and documentary evidence presented at the hearing. Appellants cite no authority, nor are we aware of any, indicating that a *second* evidentiary hearing must be held on a previously-litigated issue simply because a new petition has been filed. Indeed, such a requirement would seem to run counter to the

8

principles of judicial economy and proper use of court resources, particularly in the instant case, which had been pending for over five years before the settlement agreement was approved.

Further, an evidentiary hearing is not required when the party requesting the hearing does not object to the court's consideration of affidavits or declarations. (See *Conservatorship of Farrant* (2021) 67 Cal.App.5th 370, 377-378 (*Farrant*).) In reviewing the record, we find no indication that appellants objected to the procedure being followed by the court for evaluating the petition for approval once the court informed the parties of its intended approach. Specifically, at the March 18, 2022, hearing, the court indicated it would be taking the matter under submission after receiving Bye's responsive pleadings, and the record provides no indication that appellants objected to this procedure at that time or in subsequent pleadings. In addition, as noted above, the record does not demonstrate that appellants requested an opportunity to provide more evidence apart from that already provided in their declarations. Accordingly, absent any indication that appellants opposed the chosen procedure or objected to the use of declarations or affidavits, we find that the trial court was not required to hold an evidentiary hearing.

Lastly, " '[a]n abuse of discretion results in reversible error only if it is prejudicial.' " (*Farrant, supra,* 67 Cal.App.5th at p. 378, quoting *York v. City of Los Angeles* (2019) 33 Cal.App.5th 1178, 1190; see also Cal. Const., art. VI, § 13; Code Civ. Proc., § 475.) "The burden is on the appellant to show prejudice." (*Farrant, supra,* 67 Cal.App.5th at p. 378.) In the instant matter, appellants' only argument regarding prejudice is as follows: "The denial of an evidentiary hearing thus caused unfair prejudice to Appellants because it deprived Appellants from presenting all relevant evidence to show that the Settlement Agreement was prejudicial to the Estate of James Crawforth." However, appellants failed to make an offer of proof to the probate court as to what additional relevant evidence they intended to present. When no offer of proof is made to

9

the probate court, "an assessment of prejudice cannot be made." (See *Farrant, supra,* 67 Cal.App.5th at p. 378; see also *People v. Anderson* (2001) 25 Cal.4th 543, 580 [rule requiring offer of proof in the trial court (Evid. Code, § 354, subd. (a)) "is necessary because, among other things, the reviewing court must know the substance of the excluded evidence in order to assess prejudice"].) Accordingly, appellants fail to demonstrate that any alleged abuse of discretion prejudiced them.

In conclusion, based on the foregoing reasons, we find no abuse of discretion in the trial court's decision not to hold an evidentiary hearing prior to approving the settlement agreement.

### III. DISPOSITION

The trial court's order approving the settlement agreement is affirmed.

_____
                     Wilson, J.

WE CONCUR:


_____
Bamattre-Manoukian, Acting P.J.


_____
Bromberg, J.


*Bye et al. v. Tran et al.*
H050125