PARKER, Judge.
Appellants, T. Mabry Carlton, Sr., Ben S. Carlton, and Winston C. Carlton, seek review of an order that authorized the personal representatives of the Estate of T. Mabry Carlton, Jr., to settle an unsecured claim and to make an accelerated payment of $550,000 in estate assets within thirty days after approval of the settlement. We reverse, concluding that the personal representatives failed to prove that there were sufficient assets in the estate to pay fully all claims of the same class as the settled claim.
There are eleven statements of claim filed against this estate. The claimants, their relationship to the decedent, the nature of the claim, and the amount of the claim are as follows:
(1) Septa S. Carlton[1] — mother; fraud, undue influence, and other wrongful acts in taking substantial portions of her property including but not limited to 2,708 shares of stock; claim for an unspecified amount;
(2) T. Mabry “Jack” Carlton, Sr., (appellant) — father; fraud, undue influence, and other wrongful acts in taking substantial portions of his property including but not limited to 3,756 shares of stock; claim for an unspecified amount;
(3) Winston Carlton (appellant)[2] and Erma Carlton — brother and sister-in-law; fraud, undue influence, tortious interference with an expectancy of inheritance, and civil theft; claim in excess of $5,000,-000; '
(4) Ben Carlton (appellant)2 — brother; fraud, undue influence, tortious interference with an expectancy of inheritance, and civil theft; claim in excess of $5,000,-000;
(5) Leslie Renee Carlton and Martha Cambrón Carlton — nieces; fraud and undue influence regarding the negotiation and consummation of a stock redemption; claim for an unspecified amount;
(6) Tommy Jackson as trustee of a trust for Leslie and Martha; fraud and undue influence regarding the negotiation and consummation of a stock redemption; claim in excess of $2,000,000;
(7) Winston Carlton as trustee of a trust for Martha and Leslie; fraud and undue influence regarding the negotiation and consummation of a stock redemption; claim in excess of $300,000;
(8) Carrie Anne Carlton and Danielle Carlton — nieces; fraud and undue influ *822 ence regarding the negotiation and consummation of a stock redemption; claim in excess of $300,000;
(9) Tommy Jackson as trustee of a trust for Carrie and Danielle; fraud and undue influence regarding the negotiation and consummation of a stock redemption; claim in excess of $2,000,000;
(10) Ben Carlton as trustee of a trust for Carrie and Danielle; fraud and undue influence regarding the negotiation and consummation of a stock redemption; claim in excess of $300,000.
The personal representatives filed timely objections to each of the claims.
Shortly after Septa’s claims were filed, the judge presiding over Septa’s guardianship removed Ben and Winston as the guardians of Septa’s property and appointed Northern Trust Bank of Florida/Sarasota, N.A. as a plenary guardian of Septa’s property. Northern Trust and the personal representatives of the estate agreed to a settlement of Septa’s claims subject to the approval of both the probate and guardianship courts. The proposed compromise provided for $1,050,000 payable in the following three stages: (1) $50,000 to Septa within thirty days of the effective date of the settlement agreement; (2) $500,000 to Northern Trust as trustee pursuant to an irrevocable trust to be established for Septa within thirty days of the effective date of the settlement agreement; and (3) contingent payments of $100,000 up to a total of $500,000 should the first $500,000 be depleted. After the death of Septa, Northern Trust would be permitted to make similar distributions for the benefit of Jack Carlton. The irrevocable trust, after the death of Septa and Jack, would provide that all remaining undistributed principal and accumulated income of the trust must be returned to the estate.
The personal representatives petitioned the court for an order authorizing the compromise of Septa’s claims. Appellants, who are three of the claimants against the estate, objected to the petition to the extent that it required accelerated payment of Septa’s claims prior to resolution of the substantial claims of the other unsecured creditors for which independent actions were pending. The court, after a hearing on the petition, entered an order which authorized the compromise of Septa’s claims, finding that the settlement was in the best interest of the beneficiaries of the estate.[3]
Section 733.708, Florida Statutes (1989) authorizes a court to approve a compromise if the court is satisfied that the compromise is in the best interest of the beneficiaries. The statute and the case law, however, fail to address the nature of the proceeding to be held when other creditors object to a compromise.
All claimants involved in this litigation are class-seven claimants and, therefore, all are entitled to be paid ratably in proportion to their respective claims if there are insufficient assets to pay all unsecured claims in full. See § 733.707(2), Fla.Stat. (1989). All of the parties seem to agree that the extent of assets in the estate is a relevant consideration to the proceeding on the compromise; however, they disagree as to who had the burden to prove that fact.
The personal representatives were the ones in possession of the information necessary for the determination of the extent of assets in the estate. The personal representatives initially were required to file the inventory of the estate by August 20, 1989. They requested and received an extension of time to file the inventory on five different occasions. Finally, on March 1, 1990, the court ordered the personal representatives to file the inventory within fifteen days. The inventory had not been filed at the time of the hearing challenging this settlement. Although the personal representatives filed the inventory five days after the hearing, the inventory was sealed with a notation that it was not a public record. Because the personal representatives were in exclusive control of the information necessary to prove that the estate assets would be adequate to pay the credi *823 tors’ claims, we must conclude that the personal representatives had the burden to establish the adequacy of the estate assets. See Valcin v. Public Health Trust of Dade County, 473 So.2d 1297 (Fla. 3d DCA 1984), approved in part, quashed in part on other grounds, 507 So.2d 596 (Fla.1987). Accordingly, the order granting the petition authorizing compromise of claim must be reversed and the matter remanded for proceedings consistent with this opinion.[4]
Reversed and remanded.
RYDER, A.C.J., and HALL, J., concur.

. Septa had two claims filed on her behalf. Winston and Ben, as coguardians of Septa, filed one claim; Septa’s attorney, on her behalf, filed the other claim.

. These parties have been before this court previously concerning litigation over this estate. See Carlton v. Carlton, 575 So.2d 239 (Fla. 2d DCA 1991).

. The estate beneficiaries are Barbara Carlton, the widow of the decedent, and Mary Lisa Carlton and Kimberly Sue Carlton, daughters of the decedent.

. Our disposition of this matter does not preclude the compromise and payment of Septa’s claims. The personal representatives still may proceed with the compromise; however, they will be liable for their actions if the accelerated payments do not leave sufficient assets in the estate to pay the other same-class claims. See Security Ins. Co. v. Estate of Stillson, 397 So.2d 1206 (Fla. 1st DCA 1981).