PER CURIAM.
The plaintiff below, William J. Condren, appeals from a non-final order holding him in contempt for failing to comply with an order enforcing a settlement agreement. The settlement agreement sought to resolve a dispute between neighbors regarding improvements to an easement that runs between their properties.
*579 Appellees, Lowry and Diana Bell, moved to enforce the settlement agreement, alleging that appellant breached the agreement by removing pavers, landscaping, and lighting and by installing concrete curbing. On March 1, 2001, the trial court found for appellees and ordered appellant, inter alia, to begin removing the curbing and landscaping within ten days and to reinstall the pavers and landscape lighting within thirty days. Appellant unsuccessfully sought a stay of the order and filed an appeal of the order.
Subsequently, appellees moved to hold appellant in contempt for failure to comply with the March 1, 2001 order. On May 22, 2001, the trial court held appellant in contempt and ordered him to pay a fine of $2,000 per day, retroactive to March 11, 2001. The per diem fine was to cease upon appellant’s compliance with the prior order.
We reverse the contempt order for two reasons. First, the absence of a purge provision renders the retroactive fine of $2,000 per day a criminal penalty, rather than a civil contempt sanction. A fine is considered an unconstitutional criminal penalty “if ‘the contemnor has no subsequent opportunity to reduce or avoid the amount of the fine through compliance.’ ” See Parisi v. Broward County, 769 So.2d 359, 365 (Fla.2000)(quoting Int’l Union, United Mine Workers v. Bagwell, 512 U.S. 821, 829, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994)). A fine that is criminal in nature must be preceded by the same constitutional due process protections afforded criminal defendants. Parisi, 769 So.2d at 364; Pompey v. Cochran, 685 So.2d 1007, 1013 (Fla. 4th DCA 1997).
Second, the trial court set the amount of the fine without considering such factors as “the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired,” as well as “the amount of defendant’s financial resources and the consequent seriousness of the burden to that particular defendant.” Parisi, 769 So.2d at 366 (quoting United States v. United Mine Workers, 330 U.S. 258, 304, 67 S.Ct. 677, 91 L.Ed. 884 (1947); Johnson v. Bednar, 578 So.2d 822 (Fla.1991); All Marine Props., Inc. v. Thunderboat Factory Outlet, Inc., 731 So.2d 98 (Fla. 4th DCA 1999)).
Accordingly, we reverse the contempt order and remand for proceedings consistent with this opinion.
POLEN, C.J., SHAHOOD and TAYLOR, JJ., concur.