[No. A121525. First Dist., Div. Three. July 28, 2009.]

CARIN SALTER et al., Plaintiffs and Respondents, v.
GLENN LERNER, Defendant and Appellant.

## COUNSEL

Eisenberg and Hancock, Jon B. Eisenberg, William N. Hancock; MacInnis, Donner & Koplowitz and Edward A. Koplowitz for Defendant and Appellant.

Carr, McClellan, Ingersoll, Thompson & Horn, Keith P. Bartel and John D. Minton for Plaintiffs and Respondents.

## OPINION

**POLLAK, Acting P. J.**—This action involves a dispute between appellant Glenn Lerner and his stepdaughters, respondents Carin Salter and Jennifer Segal, regarding Lerner's administration of the Glenn and Elsa Lerner Trust (the trust). Lerner appeals from a determination by the probate court that a petition Segal and Salter propose to file against Lerner seeking information regarding his conduct as trustee of the trust will not violate the no contest provision of the trust. Although numerous arguments were made in the trial court, only a relatively narrow issue is raised on appeal: Does the proposed petition seek to do more than enforce Lerner's nonwaivable fiduciary duty under Probate Code[1] section 16060 to provide reasonable information regarding the administration of the trust and, thus, violate the no contest clause of the trust? We agree with the trial court that the answer to this question is negative and that the proposed petition does not violate the no contest provision of the trust. Accordingly, we shall affirm.

## Background

The trust was created by Glenn and Elsa Lerner in April 2005. Elsa Lerner passed away on February 8, 2006. The trust agreement provides that upon Elsa's death Glenn Lerner becomes the sole trustee and the trust is to be divided into three subtrusts: the Family Trust, the Marital Trust, and the Survivor's Trust. The income of the subtrusts is to be distributed to Lerner, and Lerner has broad discretion to invade the principal of all of the subtrusts.[2] Segal and Salter are contingent remainder beneficiaries and on

---

[1] All statutory references are to the Probate Code.

[2] For example, the Marital Trust allows Lerner to "pay to or apply for the benefit of the surviving spouse as much of the principal of the Marital Trust, up to and including the whole

Lerner's death will receive most of the remaining trust assets. The trust agreement provides that "any reports or accounts otherwise required by the California Probate Code are hereby waived to the fullest extent of the law." The agreement also contains a no contest clause prohibiting distribution to "anyone who contests or joins in . . . a contest of any provision hereof."

On December 19, 2007, respondents filed a petition pursuant to section 21320[3] seeking a determination of whether a further petition they proposed to file would violate the no contest clause contained in the trust.[4] After reviewing the proposed petition, which seeks to compel Lerner to provide information regarding the administration of the trust, the court concluded that the petition "does not implicate or run afoul of the no contest clause of the Glenn and Elsa Lerner Trust . . . because none of the relief requested constitutes an attack on the trust." Lerner filed a timely notice of appeal.

### Discussion

Initially, the parties dispute the scope of the information sought by the proposed petition. Segal and Salter contend that the petition seeks only to enforce Lerner's nonwaivable duty under section 16060 to provide reasonable information about the administration of the trust. Lerner contends that the scope of the petition is more expansive, seeking reports and an accounting under sections 16061 and 16062, in violation of the express waiver provision in the trust.

■ Section 16060 provides: "The trustee has a duty to keep the beneficiaries of the trust reasonably informed of the trust and its administration." The California Law Revision Commission comment to section 16060 explains, "The trustee is under a duty to communicate to the beneficiary information that is reasonably necessary to enable the beneficiary to enforce the beneficiary's rights under the trust or to prevent or redress a breach of trust." (Cal. Law Revision Com. com., 54A West's Ann. Prob. Code (1991 ed.)

---

of the Marital Trust, as the trustee considers necessary for the surviving spouse's health, support, education, maintenance, comfort, and enjoyment in accordance with the standard of living that the surviving spouse enjoyed on the date of the deceased spouse's death."

[3] Section 21320, subdivision (a) provides: "If an instrument containing a no contest clause is or has become irrevocable, a beneficiary may apply to the court for a determination of whether a particular motion, petition, or other act by the beneficiary . . . would be a contest within the terms of the no contest clause."

[4] The proposed petition also seeks a determination of the validity of a corollary document signed by Elsa and Glenn Lerner after execution of the trust documents. Although Lerner initially challenged the propriety of this part of the petition, he now acknowledges that this request will not invoke the no contest provision of the trust.

foll. § 16060, p. 51.) This duty is "consistent with the duty stated in prior California case law to give beneficiaries complete and accurate information relative to the administration of a trust when requested at reasonable times." (*Ibid.*) Section 16061 provides: "Except as provided in Section 16064, on reasonable request by a beneficiary, the trustee shall provide the beneficiary with a report of information about the assets, liabilities, receipts, and disbursements of the trust, the acts of the trustee, and the particulars relating to the administration of the trust relevant to the beneficiary's interest, including the terms of the trust." Section 16062, subdivision (a) provides: "Except as otherwise provided in this section and in Section 16064, the trustee shall account at least annually, at the termination of the trust, and upon a change of trustee, to each beneficiary to whom income or principal is required or authorized in the trustee's discretion to be currently distributed." Under section 16064, "[t]he trustee is not required to report information or account to a beneficiary . . . [¶] (a) [t]o the extent the trust instrument waives the report or account . . . ." ██ The parties agree that unlike sections 16061 and 16062, the duty imposed under section 16060 is not subject to waiver under section 16064. Likewise, "[t]he availability of information on request under [sections 16061 and 16062] does not negate the affirmative duty of the trustee to provide information under Section 16060." (Cal. Law Revision Com. com., 54A West's Ann. Prob. Code, *supra*, foll. § 16061, p. 52; see also Campisi & Latham, Cal. Trust and Probate Litigation (Cont.Ed.Bar 2007) § 13.1, p. 400 [The duty to provide information under § 16060 "is independent of, and potentially broader than, the duty to account under . . . § 16062"].)

Here, the proposed petition alleges that Lerner has refused to provide any information about the trust. "Since his assumption of the sole trusteeship of the trust, [Lerner] has engaged in capital intensive projects with trust assets, including remodeling of a country house, at an estimated cost of between $800,000 and $1,000,000. [He] has apparently paid deposits on a Ferrari and a Bentley. [He] has also taken expensive vacations, staying at the club level of the finest hotels for extended periods of time, all at the expense of the trust. He refuses to provide any information as to whether he is subsidizing his lifestyle through expenditures of income, invasions of principal, and, if so, from what subtrust." The petition alleges further that respondents "have asked for confirmation that the trust has been divided into the three required subtrusts" and "also requested information as to the allocation of assets among the three subtrusts as required by the terms of the trust" but Lerner "has refused to provide any information" on the ground that the waiver provision of the trust gives "him the absolute right to administer the trust and the subtrusts in any way he sees fit, undeterred by the scrutiny of beneficia-

ries and the ability of the court to provide adequate remedies for breaches of trust." The petition asserts that respondents "are entitled to be provided with sufficient information in order to determine whether [Lerner] is faithfully discharging his fiduciary duties or, alternatively, whether [he] is abusing his position for his own benefit." The petition prays for "an order from the court requiring that [Lerner] provide them with information regarding the trust and its subtrusts, his acts and transactions with respect to the trust and its subtrusts, and his discretionary exercises of principal invasion as to the corpus of the trust and its subtrusts." The prayer requests that Lerner be instructed "to provide complete, accurate and sufficient information to [respondents] regarding trust matters and his administration of the trust for the period beginning February 8, 2006 through December 31, 2007."

■ Contrary to Lerner's suggestion, the petition does not expressly request a report or accounting under sections 16061 or 16062 and any implied request for such information was disavowed at the hearing.[5] Nor does the petition challenge the trust provision that waives the report and accounting obligations. The proposed petition seeks only information that is reasonably necessary to enable Salter and Segal to enforce their rights under the trust, which Lerner is obligated to provide under section 16060.

■ The proposed petition is not a contest within the meaning of the no contest provision of the trust. Section 21300 defines a "contest" for purposes of a "no contest clause" as "a pleading in a proceeding in any court alleging the invalidity of an instrument or one or more of its terms." (*Id.*, subds. (a), (b).) A petition to enforce a trustee's duty under section 16060 is not a direct or indirect challenge to the validity of the trust or its terms. Moreover, interpreting the no contest clause in a manner that would prevent respondents from filing the proposed petition would violate public policy. Section 21305, subdivision (b) lists 12 categories of pleadings that may not be considered "contests" as a matter of public policy, including "[a] pleading challenging the exercise of a fiduciary power" and "[a] petition to compel an accounting or report of a fiduciary, if that accounting or report is not waived by the instrument." Although not precisely enumerated, respondents' petition to compel Lerner to perform his nonwaivable, fiduciary duty under section 16060 falls within scope of the protection included in section 21305, subdivision (b).

---

[5] Should disputes arise concerning whether particular compilations of information constitute a report or accounting within the meaning of section 16061 or 16062, the necessity for which has been waived by the terms of the trust, as distinguished from the underlying information to which the beneficiaries are entitled under section 16060, the court will be in a position to resolve those issues during the course of the litigation commenced by the filing of the proposed petition.

## Disposition

The judgment is affirmed. Respondents shall recover their costs on appeal.

Siggins, J., and Jenkins, J., concurred.

On August 19, 2009, the opinion was modified to read as printed above.