Filed 1/26/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| DAVID BRESLIN, as Trustee, etc., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> PAUL G. BRESLIN et al., <br><br> Defendants and Respondents; <br><br> PACIFIC LEGAL FOUNDATION et al., <br><br> Defendants and Appellants. | 2d Civ. No. B301382 <br> (Super. Ct. No. 56-2018- <br> 00521839-PR-TR-OXN) <br> (Ventura County) |

The trustee of a decedent's trust petitioned the probate court to determine the trust beneficiaries. The probate court ordered the matter to mediation. The potential beneficiaries received notice of the mediation, but some did not participate. The participating parties reached a settlement that excluded the nonparticipating parties as beneficiaries. The probate court approved the settlement. The nonparticipating parties Pacific

Legal Foundation et al.[1] (collectively "the Pacific parties") appeal. We affirm. A party receiving notice who fails to participate in court-ordered mediation is bound by the result.

FACTS

Don Kirchner died in 2018 leaving an estate valued at between $3 and $4 million. Kirchner had no surviving wife or children, but he was survived by a number of nieces and nephews.

Kirchner's estate was held in a living trust dated July 20, 2017. The trust was amended and restated on November 1, 2017 (restated trust). David Breslin (Breslin) was named the successor trustee in the restated trust.

Breslin found the restated trust, but initially could not find the original trust. The restated trust makes four $10,000 specific gifts and directs that the remainder be distributed to the persons and charitable organizations listed on exhibit A in the percentages set forth.

The restated trust did not have an exhibit A attached to it, and no such exhibit A has ever been found. But in a pocket of the estate planning binder containing the restated trust, Breslin found a document titled "Estates Charities (6/30/2017)." The document listed 24 charities with handwritten notations that appear to be percentages.

Breslin filed a petition in the probate court to confirm him as successor trustee and to determine the beneficiaries of the

---

[1] The nonparticipating parties are: Pacific Legal Foundation, Judicial Watch, Save the Redwoods League, Concerned Women of America, Catholics United for Life, Catholic League, Sacred Heart Auto League, National Prolife Action Center dba Liberty Counsel, and Orbis International.

trust in the absence of an attached exhibit A.  Breslin served each of the listed charities.  Only three of the listed charities filed formal responses.  The Pacific parties did not.

The probate court confirmed Breslin as successor trustee and ordered mediation among interested parties, including Kirchner's intestate heirs and the listed charities.  One of the listed charities, the Thomas More Law Center (TMLC), sent notices of the mediation to all the interested parties, including the Pacific parties.

The mediation notices included the following:

"Mediation may result in a settlement of the matter that is the subject of the above-referenced cases and of any and all interested persons' and parties' interests therein.  Settlement of the matter may result in an agreement for the distribution of assets of the above-referenced Trust and of the estate of Don F. Kirchner, Deceased, however those assets may be held.  Settlement of the matter may also result in an award of attorneys' fees to one or more parties under *Smith v. Szeyller* (2019) 31 Cal.App.5th 450.  Interested persons or parties who do not have counsel may attend the mediation and participate.

"Non-participating persons or parties who receive notice of the date, time and place of the mediation may be bound by the terms of any agreement reached at mediation without further action by the Court or further hearing.  *Smith v. Szeyller* (2019) 31 Cal.App.5th 450.  Rights of trust beneficiaries or prospective beneficiaries may be lost by the failure to participate in mediation.

"All represented parties (or his, her or their counsel) and all unrepresented parties that intend to participate in the mediation are requested to advise the undersigned of his, her or their

3.

intention to be present and participate by making contact via either email . . . or U.S. Mail. Notice to participate in mediation will not be accepted via telephone."

Only five of the listed charities appeared at the mediation, including TMLC. The intestate heirs also appeared. The Pacific parties did not appear. The appearing parties reached a settlement. The settlement agreement awarded specific amounts to various parties, including the appearing charities, and attorney fees with the residue to the intestate heirs. The agreement excluded the Pacific parties.

Breslin filed a petition to confirm the settlement. When the Pacific parties received notice of the petition, they filed objections.

Prior to the hearing on the petition, Breslin filed a supplemental declaration stating that he found the original trust document. The restated trust had no exhibit A attached, but he found attached to the original trust an exhibit A listing the same charities as were found on the document in the binder with the restated trust.

The probate court granted Breslin's petition to approve the settlement. The court denied the Pacific parties' objections on the ground that they neither filed a response to Breslin's petition to determine the beneficiaries nor appeared at the mediation.

The Pacific parties appeal.

## DISCUSSION

### I

### *Standard of Review*

The Pacific parties contend that because the issues here do not involve findings of fact, the standard of review is de novo. The standard of review for the probate court's approval of a

4.

settlement is abuse of discretion.  (*Estate of Green* (1956) 145 Cal.App.2d 25, 28.)  The dispute is academic, however.  The result is the same under either standard.

## II

### *Forfeiture of Rights*

The probate court has the power to order the parties into mediation.  (See Prob. Code,[2] § 17206 ["The court in its discretion may make any orders and take any other action necessary or proper to dispose of the matters presented by the petition"].)  The court did so here.  The Pacific parties received notice of the mediation, but chose not to participate.

In *Smith v. Szeyller*, *supra*, 31 Cal.App.5th 450, 458, we held that a party who chooses not to participate in the trial of a probate matter cannot thereafter complain about a settlement reached by the participating parties.  The Pacific parties point out that there was no trial here.  True, but the mediation ordered by the probate court, like the trial in *Smith*, was an essential part of the probate proceedings.  The Pacific parties may not ignore the probate court's order to participate in the proceedings and then challenge the result.  The probate court's mediation order would be useless if a party could skip mediation and challenge the resulting settlement agreement.

The Pacific parties complain they were denied an evidentiary hearing.  But the probate court has the power to establish the procedure.  (§ 17206.)  It made participation in mediation a prerequisite to an evidentiary hearing.  By failing to participate in the mediation, the Pacific parties waived their right to an evidentiary hearing.  It follows that the Pacific parties were not entitled to a determination of factual issues, such as

_____

[2] All statutory references are to the Probate Code.

Kirchner's intent, and cannot raise such issues for the first time on appeal. (*Ehrlich v. City of Culver City* (1996) 12 Cal.4th 854, 865, fn. 4 [court will not address issues raised for the first time on appeal].)

*Estate of Bennett* (2008) 163 Cal.App.4th 1303, 1310, is of no help to the Pacific parties. There the Court of Appeal held that estate beneficiaries who petitioned to set aside a settlement agreement were entitled to an evidentiary hearing. But *Bennett* did not involve a party's failure to respond to a mediation order.

The Pacific parties argue the only way they can forfeit their interest is by filing a written disclaimer. They rely on section 275. That section provides, "A beneficiary may disclaim any interest, in whole or in part, by filing a disclaimer as provided in this part." (*Ibid.*) The disclaimer must be in writing signed by the disclaimant. (§ 278.) But no one contends or even suggests the Pacific parties disclaimed their interest. Instead, they forfeited their interest when they failed to participate in mediation as ordered by the court.

## III
### *Trustee's Duties*
### (a) Impartiality

The Pacific parties contend the trustee failed in his duty to deal impartially with all beneficiaries. (§ 16003 ["If a trust has two or more beneficiaries, the trustee has a duty to deal impartially with them"].)

But all interested parties received notice of the mediation and had an opportunity to participate. The Pacific parties' failure to participate was not the fault of the trustee.

(b) Trustee's Personal Profit

The Pacific parties contend the trustee breached fiduciary duties by approving large gifts to Kirchner family members, including himself, who stood to gain little or nothing under the trust.

But all parties who participated in the mediation approved the settlement, not just the trustee. The Pacific parties may not refuse to participate and then complain that they received nothing.

Moreover, the Pacific parties' argument assumes the beneficiaries of the trust are known. The court did not determine the identity of the beneficiaries. The Pacific parties may have requested an evidentiary hearing on the matter had they abided by the probate court's order and participated in the mediation. They chose not to do so.

(c) Notice

The Pacific parties contend that the trustee failed to keep them reasonably informed about the mediation and his intent to execute the settlement agreement.

The Pacific parties do not claim they had no notice of the mediation. Had they participated, they would have been fully informed of all the developments, including the trustee's willingness to sign the settlement agreement.

The Pacific parties apparently believe the trustee and participating parties should have gone through mediation, reached a settlement, and, before the settlement was signed, notified the Pacific parties so that they could come in and object. That would have made the mediation a waste of time, money, and effort.

The Pacific parties cite section 16060 for the proposition that the trustee has a duty to keep the beneficiaries of the trust reasonably informed of the trust and its administration. The information provided pursuant to section 16060 must be the information reasonably necessary to enable the beneficiary to enforce the beneficiary's rights under the trust or prevent or redress a breach of trust. (*Salter v. Lerner* (2009) 176 Cal.App.4th 1184, 1187.)

First, the probate code did not determine that the Pacific parties were beneficiaries of the trust. Second, assuming they were beneficiaries, the notice of mediation was all the information necessary for them to protect their interest.

The Pacific parties argue that the mediation notice failed to inform them that they could forfeit their interest if they did not participate. But the notice stated that nonparticipating persons or parties may be bound by the terms of any agreement reached at the mediation, and the rights of trust beneficiaries or prospective beneficiaries may be lost by the failure to participate in the mediation.

The Pacific parties argue that the loss of rights referred to in the notice may be read as only referring to procedural rights. But the notice says that nonparticipating parties may be bound by any agreement reached during mediation. The notice obviously refers to substantive rights.

IV

*Extrinsic Fraud*

The Pacific parties contend the probate court's order approving the settlement should be set aside for extrinsic fraud.

The Pacific parties' contention is based on TMLC's response to the trustee's petition to determine trust beneficiaries. TMLC

8.

urged the probate court to find that the charities listed on the paper found with the restated trust are the beneficiaries. TMLC also requested attorney fees if successful because all the charities listed would benefit by its success.

TMLC was not claiming to be the legal representative for all the charities on the list. It was only claiming that by representing its own interest other parties will benefit and should share in the burden of attorney fees under the substantial benefit doctrine. (See *Smith v. Szeyller*, *supra*, 31 Cal.App.5th at p. 460.) There was no extrinsic fraud.

V

*Attorney Fees*

The intestate beneficiaries contend they should be awarded attorney fees under the substantial benefit doctrine. That is a matter to be decided by the probate court.

DISPOSITION

The judgment (order) is affirmed. Costs are awarded to respondents.

<u>CERTIFIED FOR PUBLICATION.</u>

GILBERT, P. J.

We concur:

YEGAN, J.          TANGEMAN, J.

9.

Robert L. Lund, Judge

Superior Court County of Ventura

_____

Ferguson Case Orr Paterson, Joshua S. Hopstone and David B. Shea for Defendants and Appellants Pacific Legal Foundation, Judicial Watch, Save the Redwoods League, Concerned Women of America, Catholics United for Life, Catholic League, Sacred Heart Auto League, National Prolife Action Center and Orbis International.

Staker Law Tax and Estate Planning Law Corporation, Kevin G. Staker and Brandon P. Johnson for Plaintiff and Respondent David Breslin, Trustee.

Jones, Lester, Schuck, Becker & Dehesa, Mark A. Lester, Katherine H. Becker and Eric A. Hirschberg, for Defendants and Respondents Paul G. Breslin and Kathleen Breslin LaForgia.