Filed 4/5/21 (opinion following rehearing)
See dissenting opinion

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| DAVID BRESLIN, as Trustee, etc.,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>PAUL G. BRESLIN et al.,<br><br>   Defendants and Respondents;<br><br>PACIFIC LEGAL FOUNDATION et al.,<br><br>   Defendants and Appellants. | 2d Civ. No. B301382<br>(Super. Ct. No. 56-2018-00521839-PR-TR-OXN)<br>(Ventura County)<br><br>OPINION FOLLOWING REHEARING |

     The legal historian Frederic William Maitland is reputed to have said, "The law is a seamless web."  He didn't.[1]

---

[1] "Such is the unity of all history that anyone who endeavors to tell a piece of it must feel that his first sentence tears a seamless web."  (Maitland, A Prologue to a History of English Law (1898) 14 L.Q.Rev. 13.)

The phrase, however, applicable to the law in general, is particularly apt here. This case began and ended in probate court. But the law concerning mediation also applies. The proceeding here is made from the seamless fabric of probate and mediation law.

The trustee of a decedent's trust petitioned the probate court to determine the trust beneficiaries. The potential trust beneficiaries received notice of the petition. The probate court ordered the matter to mediation. The same potential beneficiaries received notice of the mediation, but some did not participate. The participating parties reached a settlement that excluded the nonparticipating parties as beneficiaries. The probate court approved the settlement. The nonparticipating parties Pacific Legal Foundation et al.[2] (collectively "the Pacific parties") appeal. We affirm. A party receiving notice under the circumstances here, who fails to participate in court-ordered mediation, is bound by the result.

FACTS

Don Kirchner died in 2018 leaving an estate valued at between $3 and $4 million. Kirchner had no surviving wife or children, but he was survived nieces and nephews.

Kirchner's estate was held in a living trust dated July 27, 2017.[3] The trust was amended and restated on November 1,

---

[2] The nonparticipating parties are: Pacific Legal Foundation, Judicial Watch, Save the Redwoods League, Concerned Women of America, Catholics United for Life, Catholic League, Sacred Heart Auto League, National Prolife Action Center, doing business as Liberty Counsel, and Orbis International.

[3] The parties take issue with case title, often referred to as the caption. They believe it should be "In the matter of the Don

2.

2017 (restated trust).  David Breslin (Breslin) was named the successor trustee in the restated trust.

Breslin found the restated trust, but initially could not find the original trust.  The restated trust makes three $10,000 specific gifts and directs that the remainder be distributed to the persons and charitable organizations listed on exhibit A in the percentages set forth.

The restated trust did not have an exhibit A attached to it, and no such exhibit A has ever been found.  But in a pocket of the estate planning binder containing the restated trust, Breslin found a document titled "Estates Charities (6/30/2017)."  The document listed 24 charities with handwritten notations that appear to be percentages.

Breslin filed a petition in the probate court to confirm him as successor trustee and to determine the beneficiaries of the

---

Kirshner Living Trust."  Apparently, the parties did not consult the California Style Manual.  This is what they would have learned:  "Similar to estates . . . , trusts are not recognized as legal entities and cannot sue or be sued.  Only trustees can be named as parties, thus it is improper to name 'The ABC Trust' as a party.  (See Prob. Code, §§ 17200, subd. (a), 17200.1; see also Code Civ. Proc., § 369, subd. (a)(l).)  Additionally, the description 'Trustee of the ABC Trust' is not properly listed as a party name; the trustee's name is listed followed by 'as Trustee, etc.'  'Trustees of the California State University' is an official board name, not a description, so it is properly used in titles (see Ed. Code, § 66600).  Trust administration cases do not use a nonadversary title, such as 'In re the Matter of the Charles G Adams Trust,' to identify the trust.  In addition, the lower court designations of 'Petitioner' and 'Respondent' are changed to 'Plaintiff' and 'Defendant' in accordance with [California Style Manual] section 6:42."  (Cal. Style Manual (4th ed. 2000) § 6:47.)

3.

trust in the absence of an attached exhibit A.  Breslin served each of the listed charities, including the Pacific parties.  Only three of the listed charities filed formal responses.  The Pacific parties did not.

The probate court confirmed Breslin as successor trustee and ordered mediation among interested parties, including Kirchner's intestate heirs and the listed charities.  The mediator's fees were to be paid from the trust.  One of the listed charities, the Thomas More Law Center (TMLC), sent notices of the mediation to all the interested parties, including the Pacific parties.  Approximately four notices of continuances were sent to all the parties, including the Pacific parties, before the mediation took place.

The mediation notice included the following:

"Mediation may result in a settlement of the matter that is the subject of the above-referenced cases and of any and all interested persons' and parties' interests therein.  Settlement of the matter may result in an agreement for the distribution of assets of the above-referenced Trust and of the estate of Don F. Kirchner, Deceased, however those assets may be held.  Settlement of the matter may also result in an award of attorneys' fees to one or more parties under *Smith v. Szeyller* (2019) 31 Cal.App.5th 450.  Interested persons or parties who do not have counsel may attend the mediation and participate.

"Non-participating persons or parties who receive notice of the date, time and place of the mediation may be bound by the terms of any agreement reached at mediation without further action by the Court or further hearing.  *Smith v. Szeyller* (2019) 31 Cal.App.5th 450.  Rights of trust beneficiaries or prospective

4.

beneficiaries may be lost by the failure to participate in mediation.

"All represented parties (or his, her or their counsel) and all unrepresented parties that intend to participate in the mediation are requested to advise the undersigned of his, her or their intention to be present and participate by making contact via either email . . . or U.S. Mail. Notice to participate in mediation will not be accepted via telephone."

Only five of the listed charities appeared at the mediation, including TMLC. The intestate heirs also appeared. The Pacific parties did not appear. The appearing parties reached a settlement. The settlement agreement awarded specific amounts to various parties, including the appearing charities, and attorney fees with the residue to the intestate heirs. The agreement did not include the Pacific parties.

TMLC filed a petition to approve the settlement. When the Pacific parties received notice of this petition, they filed objections.

Prior to the hearing on the petition, Breslin filed a supplemental declaration stating that he found the original trust document. The restated trust had no exhibit A attached, but he found attached to the original trust an exhibit A listing the same charities as were found on the document in the binder with the restated trust.

The probate court granted Breslin's petition to approve the settlement. The court denied the Pacific parties' objections on the grounds that they did not file a response to Breslin's petition to determine the beneficiaries and did not appear at the mediation.

The Pacific parties appeal.

## DISCUSSION

### I

### *Standard of Review*

The Pacific parties contend that because the issues here do not involve findings of fact, the standard of review is de novo. The standard of review for the probate court's approval of a settlement is abuse of discretion. (*Estate of Green* (1956) 145 Cal.App.2d 25, 28.) The dispute is academic, however. The result is the same under either standard.

### II

### *Forfeiture of Rights*

The probate court has the power to order the parties into mediation. (See Prob. Code,[4] § 17206 ["The court in its discretion may make any orders and take any other action necessary or proper to dispose of the matters presented by the petition"].) The court did so here. The Pacific parties received notice of the mediation, but chose not to participate.

In *Smith v. Szeyller*, *supra*, 31 Cal.App.5th 450, 458, we held that a party who chooses not to participate in the trial of a probate matter cannot thereafter complain about a settlement reached by the participating parties. The Pacific parties point out that there was no trial here. True, but the mediation ordered by the probate court, like the trial in *Smith*, was an essential part of the probate proceedings. The Pacific parties may not ignore the probate court's order to participate in the proceedings and then challenge the result. The probate court's mediation order would be useless if a party could skip mediation and challenge the resulting settlement agreement.

---

[4] All statutory references are to the Probate Code.

6.

The Pacific parties complain they were denied an evidentiary hearing.  But the probate court has the power to establish the procedure.  (§ 17206.)  It made participation in mediation a prerequisite to an evidentiary hearing.  By failing to participate in the mediation, the Pacific parties waived their right to an evidentiary hearing.  It follows that the Pacific parties were not entitled to a determination of factual issues, such as Kirchner's intent, and cannot raise such issues for the first time on appeal.  (*Ehrlich v. City of Culver City* (1996) 12 Cal.4th 854, 865, fn. 4 [court will not address issues raised for the first time on appeal].)

*Estate of Bennett* (2008) 163 Cal.App.4th 1303, 1310, is of no help to the Pacific parties.  There the Court of Appeal held that estate beneficiaries who petitioned to set aside a settlement agreement were entitled to an evidentiary hearing.  But *Bennett* did not involve a party's failure to respond to a mediation order.

The Pacific parties argue the only way they can forfeit their interest is by filing a written disclaimer.  They rely on section 275.  That section provides, "A beneficiary may disclaim any interest, in whole or in part, by filing a disclaimer as provided in this part."  (*Ibid.*)  The disclaimer must be in writing signed by the disclaimant.  (§ 278.)  We agree the Pacific parties did not disclaim their interest.  Instead, they forfeited their interest when they failed to participate in mediation as ordered by the court.

Had the Pacific parties appeared at the initial probate hearing, for which they received notice, they would have had the opportunity to object to mediation.  Instead, they waited until after the mediation, for which they also received notice, in addition to notices of continuances, to finally object to the result.

7.

The dissent expresses concern for the due process rights of parties who ignored these multiple notices, and apparently no concern for the parties who responded to the notices and spent time and effort complying with the probate court's order for mediation.

### III

### *Trustee's Duties*

### (a) Impartiality

The Pacific parties contend the trustee failed in his duty to deal impartially with all beneficiaries. (§ 16003 ["If a trust has two or more beneficiaries, the trustee has a duty to deal impartially with them"].)

But all interested parties received notice of the mediation and had an opportunity to participate. The Pacific parties' failure to participate was not the fault of the trustee.

### (b) Trustee's Personal Profit

The Pacific parties contend the trustee breached fiduciary duties by approving large gifts to Kirchner family members, including himself, who stood to gain little or nothing under the trust.

But all parties who participated in the mediation approved the settlement, not just the trustee. And the probate court approved the settlement. The Pacific parties may not refuse to participate and then complain that they received nothing.

Moreover, the Pacific parties' argument assumes the beneficiaries of the trust are known. The court did not determine the identity of the beneficiaries. The Pacific parties may have requested an evidentiary hearing on the matter had they abided by the probate court's order and participated in the mediation. They chose not to do so.

8.

(c) Notice

The Pacific parties contend that the trustee failed to keep them reasonably informed about the mediation and his intent to execute the settlement agreement.

The Pacific parties do not claim they lacked notice of the mediation.  Had they participated, they would have been informed of all the developments, including the trustee's willingness to sign the settlement agreement.

The Pacific parties apparently believe that after the trustee and participating parties have gone through mediation and reached a settlement, they should have been notified before the settlement was signed.   Then they could have registered their objection.  But that would defeat the purpose of the court-ordered mediation.

The Pacific parties cite section 16060 for the proposition that the trustee has a duty to keep the beneficiaries of the trust reasonably informed of the trust and its administration.  The information provided pursuant to section 16060 must be the information reasonably necessary to enable the beneficiary to enforce the beneficiary's rights under the trust or prevent or redress a breach of trust.  (*Salter v. Lerner* (2009) 176 Cal.App.4th 1184, 1187.)

First, the probate court did not determine that the Pacific parties were beneficiaries of the trust.  Second, assuming they were or could have been beneficiaries, the notice of mediation was all the information necessary for them to protect their interest.

The Pacific parties argue that the mediation notice failed to inform them that they could forfeit their interest if they did not participate.  But the notice stated that nonparticipating persons or parties may be bound by the terms of any agreement reached

9.

at the mediation, and the rights of trust beneficiaries or prospective beneficiaries may be lost by the failure to participate in the mediation.  Synonym for lost is forfeiture.

The Pacific parties argue that the loss of rights referred to in the notice may be read as only referring to procedural rights. But the notice says that nonparticipating parties may be bound by any agreement reached during mediation.  The notice obviously refers to substantive rights.

## IV

### *Extrinsic Fraud*

The Pacific parties contend the probate court's order approving the settlement should be set aside for extrinsic fraud.

The Pacific parties' contention is based on TMLC's response to the trustee's petition to determine trust beneficiaries.  TMLC urged the probate court to find that the charities listed on the paper found with the restated trust are the beneficiaries.  TMLC also requested attorney fees if successful because all the charities listed would benefit by its success.

TMLC was not claiming to be the legal representative for all the charities on the list.  It was only claiming that by representing its own interest other parties will benefit and should share in the burden of attorney fees under the substantial benefit doctrine.  (See *Smith v. Szeyller*, *supra*, 31 Cal.App.5th at p. 460.)  There was no extrinsic fraud.

## V

### *Attorney Fees*

The intestate beneficiaries contend they should be awarded attorney fees under the substantial benefit doctrine.  That is a matter to be decided by the probate court.

### DISPOSITION

The judgment (order) is affirmed.  Costs are awarded to respondents.

<u>CERTIFIED FOR PUBLICATION.</u>


GILBERT, P. J.

I concur:


YEGAN, J.

11.

TANGEMAN, J., dissenting:

I respectfully dissent. A trust must be administered according to the testator's intent. (Prob. Code,[1] § 21102, subd. (a).) Administration consistent with that intent is the "paramount rule . . . to which all other rules must yield." (*Newman v. Wells Fargo Bank* (1996) 14 Cal.4th 126, 134.) That means honoring Don Kirchner's final wishes above all else.

Here, however, the probate court exalted principles of forfeiture over Kirchner's express wishes, concluding that the Pacific parties forfeited their rights to the gifts Kirchner wanted them to have because they did not satisfy a requirement Kirchner did not impose: participation in mediation at their expense. In effect, the court imposed a terminating sanction against the nonappearing beneficiaries. The majority countenances this result. I would not.

Equity abhors a forfeiture. (*Hand v. Cleese* (1927) 202 Cal. 36, 46.) And forfeiture is an especially harsh result here: It elevates the probate court's power to order mediation (§ 17206) over myriad provisions of the Probate Code, including those related to notice requirements (§ 17203), hearings and objections (§ 1040 et seq.), and the approval of settlements (§ 9837), as well as their constitutional counterparts (*Skelly v. State Personnel Board* (1975) 15 Cal.3d 194, 208 [due process requires a notice and hearing in "every significant deprivation" of an interest in property]). It forces potential beneficiaries to participate in costly mediation (legal entities cannot appear except through counsel), something "antithetical to the entire concept" thereof. (*Jeld-Wen, Inc. v. Superior Court* (2007) 146 Cal.App.4th 536, 543.) It permits a trustee to favor some beneficiaries over others—in

---

[1] Unlabeled statutory references are to the Probate Code.

breach of the duty of impartiality (§ 16003)—simply because the latter did not participate in mediation. And perhaps most significantly, by permitting some beneficiaries to cut other beneficiaries out of trusts altogether, it defeats the express intentions of testators and negates the expectations testators hold knowing that their final wishes will be fulfilled without regard for the wishes of others.

*Smith v. Szeyller* (2019) 31 Cal.App.5th 450 (*Smith*) does not support the result the majority reaches here. In *Smith*, we held that a beneficiary who did not participate in trial forfeited her objections to the settlement reached by the litigants who did participate because that settlement did not impact her inheritance (*ibid.* at p. 458) and "preserved a common fund for the benefit of [her and] the [other] nonparticipating beneficiaries" (*id.* at p. 461). We also concluded that the nonparticipating beneficiary forfeited her objections because she did not submit them until after the probate court had approved the settlement. (*Id.* at p. 456.)

In contrast, the settlement here disinherited the Pacific parties and redistributed their gifts to other parties contrary to the testator's express directions. And the Pacific parties filed their objections before the probate court approved the settlement. Moreover, the "notice" that required the Pacific parties to attend the mediation at which the settlement was reached came from a party that unilaterally decreed that it could settle the case on their behalf. And unlike the situation in *Smith*, the facts here changed dramatically after mediation, when Breslin found a document—Exhibit A—that confirmed the Pacific parties' unqualified right to inherit funds from Kirchner.

2.

A charitable gift must be carried into effect if it "can possibly be made good." (*Estate of Tarrant* (1951) 38 Cal.2d 42, 46.) The majority's newfound requirement that a party participate in mediation before it can inherit ignores this command. It will reduce the number of gifts that "can possibly be made good" by encouraging parties to send out mediation notices whenever they desire to eliminate gifts to beneficiaries that don't appear—for whatever reason. That will not advance the interests of testators, but will instead introduce uncertainty into probate proceedings, defeat express testamentary wishes, and lead to inequitable results. I would reverse the judgment of the probate court.

CERTIFIED FOR PUBLICATION.


TANGEMAN, J.

Robert L. Lund, Judge

Superior Court County of Ventura

_____

Ferguson Case Orr Paterson, Joshua S. Hopstone and David B. Shea for Defendants and Appellants Pacific Legal Foundation, Judicial Watch, Save the Redwoods League, Concerned Women of America, Catholics United for Life, Catholic League, Sacred Heart Auto League, National Prolife Action Center, doing business as Liberty Counsel, and Orbis International.

Staker Law Tax and Estate Planning Law Corporation, Kevin G. Staker and Brandon P. Johnson for Plaintiff and Respondent David Breslin, Trustee.

Jones, Lester, Schuck, Becker & Dehesa, Mark A. Lester, Katherine H. Becker and Eric A. Hirschberg, for Defendants and Respondents Paul G. Breslin and Kathleen Breslin LaForgia.